IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

FREDERICK BANKS                                                                                          PLAINTIFF

vs.                                          Civil No. 4:15-cv-04061

TIMOTHY PIVNICHNY, et al.                                                                           DEFENDANTS

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff has submitted a *pro se* Complaint for filing, together with Motion for Leave to Proceed *in forma pauperis (*IFP*).* ECF No. 2. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), United States District Judge Susan O. Hickey referred this Motion to the undersigned for decision. This Court, having reviewed the Complaint and Motion for Leave to Proceed IFP, recommends the Complaint (ECF No. 1) be Dismissed for improper venue and Motion for Leave to Proceed IFP (ECF No. 2) be denied as moot.

On June 30, 2015, Plaintiff filed a *pro se* Complaint against more than 50 separate Defendants. ECF No. 1. In reviewing the Complaint, there is no factual or legal basis to justify proper venue in the Western District of Arkansas.

Venue is generally governed by 28 U.S.C. § 1391, which provides in section (b):

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

From reviewing the Complaint, venue is improper in Western District of Arkansas. Although

1

the Complaint alleges claims of relief pursuant to 42 U.S.C. § 1983; none of the facts in the Complaint mention locations in this District, not do any of the parties appear to reside in this District.

Pursuant to 28 U.S.C. § 1406(a), if a case is filed "laying venue in the wrong division or district," the district court "shall dismiss", or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

I also note Plaintiff filed the identical Complaint and Motion for Leave to Proceed IFP on June 9, 2015 in the Fayetteville Division of this District. *See Banks v. Timothy Pivnichy* Case No. 5:15-cv-05131. On June 15, 2015, United States District Judge Timothy L. Brooks, dismissed Plaintiff's Complaint for improper venue. *See id.*,

Based upon the foregoing, this Court recommends Plaintiff's Complaint (ECF No. 1) be dismissed with prejudice and Motion for Leave to Proceed IFP (ECF No. 2) be denied as moot.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court.  See  Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 16th day of September 2015.**

s/  Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE
